# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAYMOND EARL BUTLER II,**<br><br>Plaintiff,<br><br>v.<br><br>**JPMORGAN CHASE & CO.,**<br>**JPMORGAN CHASE BANK, N.A.,**<br>**JAMIE DIMON,** and<br>**WOOK KIM,**<br><br>Defendants. | Civil Action No. ________________<br><br>Honorable Judge ________________<br><br>**COMPLAINT AND APPLICATION FOR IMMEDIATE EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## COMPLAINT AND APPLICATION FOR IMMEDIATE EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION COMPELLING PRODUCTION OF ALL TRUST DOCUMENTATION

Plaintiff Raymond Earl Butler II, appearing pro se, for his Complaint against Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (collectively "JPMorgan" or "Chase"), Jamie Dimon, and Wook Kim, alleges as follows:

## NATURE OF THE ACTION

**1.** This is an action for breach of fiduciary duty arising from Defendants' refusal to produce trust documents and related records to the lawful beneficiaries of the GPN Family Trust and the Jack Finn Irrevocable Trust (collectively, the "Trusts"), despite clear legal obligations to do so upon request under federal banking law (**12 U.S.C. § 92a** and **12 C.F.R. Part 9**), New York common law, the Surrogate's Court Procedure Act (**SCPA**), the Estates, Powers and Trusts Law (**EPTL**), and controlling precedent.

**2.** Concurrently and separately, Plaintiff seeks an immediate *ex parte* temporary restraining order under Federal Rule of Civil Procedure 65(b), followed by a preliminary injunction, directing Defendants JPMorgan Chase Bank, N.A., Jamie Dimon, and Wook Kim to produce **ALL** documentation of any kind regarding the Trusts—including instruments, amendments, certificates of trust, account statements, transaction records, correspondence, successor-trustee materials, financing records, and any other related materials—within a short period fixed by the Court (e.g., 48–72 hours). Such production is owed to Plaintiff as a beneficiary as a matter of right.

**3.** Defendants, as successor fiduciary institutions and related parties following the 2004 merger of Bank One Corporation into JPMorgan Chase & Co., have failed and refused to turn over the documents. They have insisted upon formal court orders while invoking the Bank Secrecy Act and related confidentiality provisions as a shield, and have failed to follow applicable anti-money-laundering ("**AML**") procedures. Defendant Wook Kim, Assistant General Counsel of JPMorgan Chase, personally authored and

transmitted the January 29, 2026 refusal that declined production, refused to confirm or deny beneficiary status, and refused to identify any current trustee. (Exhibit D.)

**4.** Corporate trustees such as JPMorgan owe heightened fiduciary duties. Under **12 U.S.C. § 92a** and **12 C.F.R. Part 9**, national banks must administer fiduciary accounts with loyalty, prudence, and care; maintain proper records; and act solely in the interests of beneficiaries. These federal standards reinforce New York's independent duties of disclosure and accounting. The Office of the Comptroller of the Currency has repeatedly sanctioned JPMorgan Chase Bank, N.A. for systemic failures in precisely these areas—fiduciary controls, conflicts of interest, recordkeeping, and BSA/AML compliance—imposing hundreds of millions of dollars in civil money penalties.[1]

**5.** Under New York common law, a trustee must keep beneficiaries reasonably informed of the trust's existence, administration, and material facts necessary to protect their interests, and must promptly furnish the trust instrument (or relevant portions), statements, transaction records, and related materials upon reasonable request. Refusal after written demand is itself a breach. **SCPA § 2102(1)** expressly authorizes a proceeding "to require a fiduciary to supply information concerning the assets or affairs of an estate [or trust] relevant to the interest of the petitioner when the fiduciary has failed after a request made upon him in writing therefor." **SCPA §§ 2205** and **2209** authorize petitions to compel intermediate or final accountings. **EPTL** principles (including the Prudent Investor Act, **EPTL 11-2.3**) require administration solely in the beneficiaries' interests with loyalty, prudence, and transparency. Corporate trustees are held to particularly high standards.

**6.** These duties are confirmed by Restatement (Third) of **Trusts § 82** (duty promptly to respond to beneficiary requests for information and to permit inspection of documents, records, and property holdings) and by foundational precedent: *Meinhard v. Salmon*, **249 N.Y. 458**, **464** (1928) (Cardozo, J.) ("**Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior**"); *Bulgari v. Bulgari*, No. 22-CV-5072 (LGS) (RWL) (S.D.N.Y.) (trustee's duty promptly to respond to requests for trust-related information and records); and *Massey-Hughes v. Massey*, **200 A.D.3d 1684** (4th Dep't 2021) (failure to provide an accounting despite requests supports breach claims).

**7.** When trustees or related parties commit or are suspected of fraud, conversion, or misconduct, the corporate trustee's duties require affirmative investigation, disclosure, asset preservation, and full production of records. Defendants' insistence on court orders while withholding documents is an unconscionable scheme that creates immediate and irreparable harm. That withholding is especially egregious given that the individual trustees of the Jack Finn Irrevocable Trust have themselves admitted, under oath, that they never provided any accounting to the beneficiaries and that Plaintiff's sister Hannah—also a beneficiary of that Trust—has received neither any accounting nor any disbursements whatsoever.

**8.** Plaintiff seeks declaratory and injunctive relief (including immediate *ex parte* production), an accounting, damages, and other just relief. *Ex parte* relief is warranted under **Fed. R. Civ. P. 65(b)** because Defendants have already conditioned production on a court order, Plaintiff faces ongoing irreparable injury from the inability to identify, locate, protect, or administer Trust assets, and notice risks further dissipation, transfer, or spoliation of records.

## PARTIES

**9.** Plaintiff Raymond Earl Butler II is an individual and the primary beneficiary (and lawful successor trustee) of the GPN Family Trust, the Jack Finn Irrevocable Trust, and related trusts originally administered by Bank One and The Private Trust Bank. He is a resident of Michigan. Historical disbursement directions from the Jack Finn Irrevocable Trust identify him as beneficiary and direct funds to Chase Bank accounts. (Exhibits A and B – Forms of Direction to Disburse dated September 21, 2009.) Plaintiff's sister Hannah is also a beneficiary of the Jack Finn Irrevocable Trust. As set forth below, not even Hannah has received any accounting or any disbursements whatsoever.

**10.** Defendant JPMorgan Chase & Co. is a corporation with its principal place of business at 270 Park Avenue, New York, New York 10017.

**11.** Defendant JPMorgan Chase Bank, N.A. is a national banking association with its principal place of business in New York, New York, and a wholly owned subsidiary of JPMorgan Chase & Co. It exercises fiduciary powers pursuant to **12 U.S.C. § 92a** and **12 C.F.R. Part 9**. Historical records, including a November 2017 JPMorgan check payable to Jacob A. Finn ($40,631.25, with related notations totaling approximately $175,203.40) (Exhibit C), and the 2009 disbursement directions to Chase accounts, demonstrate its involvement with Trust-related funds and accounts. The OCC has described the Bank as maintaining "one of the world's largest and most complex fiduciary businesses," and has separately assessed a $250 million civil money penalty for deficient fiduciary controls and conflicts-of-interest frameworks in violation of **12 C.F.R. § 9.9**.[2]

**12.** Defendant Jamie Dimon is the Chairman and Chief Executive Officer of JPMorgan Chase & Co. and maintains his principal place of business at 270 Park Avenue, New York, New York 10017. He is sued in his individual and official capacities for directing and/or ratifying the fiduciary breaches alleged herein. Written demands for Trust documentation were directed to Mr. Dimon and to Chase's General Counsel and Executive Office on or about January 20, 2026. (Exhibit D.)

**13.** Defendant Wook Kim is Executive Director and Assistant General Counsel of JPMorgan Chase. His business address, as stated on his January 29, 2026 correspondence, is 8181 Communications Parkway, Building C, Floor 3, Plano, Texas 75024. Mr. Kim is admitted to practice in the State of New York only. He is sued in his individual and official capacities for personally authoring, transmitting, and standing on the January 29, 2026 refusal that (a) declined Plaintiff's demands for Trust documentation; (b) refused to confirm or deny beneficiary status; (c) refused to identify any current trustee; and (d) conditioned any further response on Plaintiff supplying information that Defendants already possessed or were duty-bound to ascertain. (Exhibit D.) Mr. Kim thereby participated in, directed, and implemented the fiduciary breaches and concealment alleged herein.

## JURISDICTION AND VENUE

**14.** This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1332** (diversity; amount in controversy exceeds $75,000 exclusive of interest and costs) and **28 U.S.C. § 1331** (federal question arising under **12 U.S.C. § 92a**, **12 C.F.R. Part 9**, and the Court's inherent authority and **Fed. R. Civ. P. 60(d)(3)** and **65**).

**15.** This Court has supplemental jurisdiction over the state-law claims pursuant to **28 U.S.C. § 1367**.

**16.** Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and CEO Jamie Dimon reside and maintain principal places of business here, a substantial part of the events occurred here, Defendant Wook Kim is admitted to practice only in New York and directed the challenged refusal on behalf of a New York national bank, and the remaining Defendants are subject to personal jurisdiction here.

## FACTUAL ALLEGATIONS

**17.** The GPN Family Trust and the Jack Finn Irrevocable Trust (together with related trusts including the DOROS Generation Trust and other Jack Finn trusts) are irrevocable trusts originally administered by Bank One and The Private Trust Bank.

**18.** Following the 2004 merger of Bank One Corporation into JPMorgan Chase & Co., JPMorgan became the legal successor trustee and inherited all fiduciary obligations under federal banking law and New York trust law, including the duties of loyalty, prudence, impartiality, disclosure, and accounting.

**19.** Plaintiff is a lawful beneficiary entitled, upon request, to certificates of trust, trust instruments, account statements, transaction histories, correspondence, and **ALL** related records concerning the Trusts and any accounts or assets held or formerly held by JPMorgan and The Private Trust Bank or their predecessors/successors. This entitlement arises under **12 U.S.C. § 92a / 12 C.F.R. Part 9**, Restatement (Third) of **Trusts § 82**, New York common law, **SCPA § 2102(1)**, **SCPA §§ 2205/2209**, **EPTL** principles, *Meinhard v. Salmon*, *Bulgari v. Bulgari*, and *Massey-Hughes v. Massey*.

**20.** On September 21, 2009, Plaintiff executed Forms of Direction to Disburse from the Jack Finn Irrevocable Trust directing a $30,000 distribution to him as beneficiary, by wire transfer to a Chase Bank account in the names of Shoshana Finn and Jack Finn, Account No. 822012498, Routing No. 071000013. The forms identify Illana Eddy and Ely Eddy as trustees and are signed by Plaintiff and Jack Finn (Exhibit A) and, in a companion form, by Plaintiff, Jack Finn, Silver Butler-Finn, Helen Butler-Finn, and Pessa Finn (Exhibit B). Those instruments confirm both Plaintiff's beneficiary status and Chase's role as the depositary of Trust funds.

**21.** A JPMorgan check dated November 13, 2017, drawn on Capital One Bank / processed through JPMorgan systems, payable to Jacob A. Finn in the amount of $40,631.25, with related notations totaling approximately $175,203.40 and the memo "Ravid Warminster Sale Proceeds," further demonstrates JPMorgan's handling of Finn- and Trust-related funds. (Exhibit C.)

### The Individual Trustees Have Admitted Under Oath That No Accounting Was Ever Provided

**22.** In related proceedings pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, *Butler v. Illiana Eddi and Ely Eddi, individually and as Trustees of the Jack Finn Irrevocable Trust*, No. 22 CH 675, the individual trustees of the Jack Finn Irrevocable Trust were deposed on June 18, 2026. Their sworn testimony—which is referenced herein for notice and context, and is *not*

attached as an exhibit at this time—confirms the complete absence of any accounting or beneficiary disclosure.

**23.** Trustee Ely Eddi testified that he is trustee of the "1993 irrevocable trust"; that once he took over as trustee he did **not** provide an accounting of that trust to any of the beneficiaries; that he "didn't have an accounting"; that, to his knowledge, "once the thing was sold, the funds were disbursed" and the trust "should have been closed"; and that he does not have a copy of the original trust instrument. (Ely Eddi Dep. 6:16–24, 29:8–15, 30:8–10, June 18, 2026.) He further testified that he signed no document acknowledging his duties as trustee after his appointment, received no compensation, and could not recall the operative terms governing disbursement. (Ely Eddi Dep. 20:1–24, 35:1–15.)

**24.** Trustee Ilana Finn Eddi testified that, as she understood it, the beneficiaries of the Jack Finn Irrevocable Trust of 1993 included "Hannah and Shoshana"; that those beneficiaries have **not** received any accounting; and that they have **not** received any disbursements. (Ilana Finn Eddi Dep. 69:11–18, June 18, 2026.)

**25.** Thus, not even the other beneficiary of the Jack Finn Irrevocable Trust—Plaintiff's sister Hannah—has received any accounting or any disbursements whatsoever. The individual trustees' own sworn admissions establish a complete informational vacuum. That vacuum makes Defendants' production of historical bank, trustee, and successor-trustee records indispensable: without those records, neither Plaintiff nor Hannah can identify Trust assets, reconstruct disbursements, or protect remainder interests.

## Written Demand and Defendants' Refusal

**26.** On or about January 20, 2026, counsel for Plaintiff Raymond Earl Butler formally demanded, by certified mail and email directed to Jamie Dimon and JPMorgan's General Counsel (Stacey Friedman) and Executive Office, that JPMorgan immediately produce all documents and records relating to the Trusts. (Exhibit D – email chain including Katherine London's January 20, 2026 letter and January 29, 2026 response of Wook Kim.)

**27.** JPMorgan, through Defendant Wook Kim, Assistant General Counsel, responded on January 29, 2026, stating that it "does not appear that JPMorgan Chase Bank, N.A. or its predecessors currently serves (or ever served) as a trustee of any of the trusts identified" and declining the demands. The response refused to confirm or deny beneficiary status, refused to identify any current trustee, and refused to produce any documents. Counsel correctly noted that if JPMC disclaims its role it must identify the current trustee and that it is obligated to provide a certificate of trust upon request of the beneficiary. (Exhibit D.)

**28.** Despite subsequent correspondence and formal requests, JPMorgan has continued to withhold the documents. Chase's Executive Office later confirmed receipt of litigation-hold and preservation demands and stated it would comply with legal obligations to preserve evidence. (Exhibit E – February 26, 2026 Chase Executive Office email, Reference Nos. ECW260120-07274-R1 and ECW260209-00269.) Preservation without production does not discharge the duty to inform beneficiaries or to account.

**29.** JPMorgan has invoked the Bank Secrecy Act and related confidentiality provisions as justification for refusing voluntary production and requiring a court order. That invocation is a pretext. The BSA does not

extinguish a corporate trustee's duty to account to its own beneficiaries, and JPMorgan's history of BSA/AML enforcement—including a $350 million OCC civil money penalty for BSA/AML program failures and a $461 million FinCEN assessment for anti-money-laundering deficiencies—underscores that confidentiality rhetoric cannot be used to conceal the very records regulators require banks to maintain and produce when lawfully demanded.[3]

**30.** In connection with accounts and transactions linked to the Trusts and the Finn family (including the 2009 disbursement directions to Chase accounts and the 2017/2018 JPMorgan check activity), JPMorgan failed to follow applicable **AML** procedures. Those failures are consistent with the pattern of surveillance, monitoring, and records-control deficiencies for which federal regulators have assessed JPMorgan hundreds of millions of dollars in additional penalties, including a March 2024 OCC $250 million civil money penalty and a companion Federal Reserve $98.2 million penalty for failing to surveil billions of instances of trading activity, and an October 2024 SEC resolution in which JPMorgan affiliates agreed to pay more than $151 million for, among other things, breach of fiduciary duty and misleading disclosures to investors.[4]

**31.** As a direct and proximate result, Plaintiff has been deprived of information necessary to protect and administer the Trusts, has incurred substantial costs, and has suffered damages. Continued non-disclosure creates immediate and irreparable harm: Plaintiff cannot identify, locate, or protect Trust assets; there is a concrete risk of further dissipation, transfer, or concealment given related-party financing, historical disbursement activity, **AML** failures, and Defendants' pattern of withholding; as primary beneficiary and claimed successor trustee, Plaintiff Butler cannot discharge his own fiduciary duties or investigate potential fraud; Plaintiff's sister Hannah, also a beneficiary, remains equally uninformed and unpaid; and information asymmetry plus potential spoliation of electronic or historical bank records create non-compensable harm that money damages cannot remedy. Courts recognize that denial of access to trust information and the resulting inability to safeguard substantial trust assets constitutes irreparable harm, especially where equitable claims for accounting and constructive relief are pleaded.

## COUNT I

### Breach of Fiduciary Duty Under Federal Banking Law, New York Common Law, SCPA, and EPTL

**32.** Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

**33.** Defendants owed Plaintiff, as a beneficiary of the Trusts, fiduciary duties under **12 U.S.C. § 92a** and **12 C.F.R. Part 9**, New York common law, **SCPA § 2102(1)**, **SCPA §§ 2205** and **2209**, **EPTL** principles (including **EPTL 11-2.3**), Restatement (Third) of **Trusts § 82**, *Meinhard v. Salmon*, 249 N.Y. 458 (1928), *Bulgari v. Bulgari* (S.D.N.Y.), and *Massey-Hughes v. Massey*, 200 A.D.3d 1684 (4th Dep't 2021). These duties include the duty to provide complete and accurate information and documents upon reasonable request, the duty of loyalty, the duty of prudence, the duty to account, and the duty to act solely in the beneficiaries' interests. Defendant Wook Kim, acting as Assistant General Counsel and agent of the corporate Defendants, personally implemented the refusal that constitutes the core breach.

**34.** When trustees or related parties commit or are suspected of fraud against the Trusts or beneficiaries, Defendants' duties require affirmative protective action, including investigation, disclosure, asset preservation, and full production of records. The individual trustees' sworn admissions that they kept no accounting and made no beneficiary disclosures made those protective duties immediate and non-delegable.

**35.** Defendants breached those duties by refusing to turn over the requested documents and records, by insisting upon a formal court order as a precondition while invoking the Bank Secrecy Act as a shield, by failing to identify any current trustee or provide a certificate of trust, by failing to follow **AML** procedures, and by failing to act when trustees or related parties engaged in or facilitated misconduct.

**36.** Defendants' insistence on court orders while withholding documents constitutes fraud upon the court under **Federal Rule of Civil Procedure 60(d)(3)** and the Court's inherent equitable authority, to the extent that invocation is used to obstruct process and conceal fiduciary records that Defendants are independently obligated to maintain.

**37.** Defendants' breaches were knowing, willful, and in bad faith.

**38.** As a direct and proximate result, Plaintiff has suffered damages in an amount to be determined at trial, including the value of withheld information, costs of enforcement, diminution in trust assets, and related consequential damages.

## COUNT II

### Equitable Accounting

**39.** Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

**40.** Under New York law (**SCPA §§ 2205** and **2209**) and common-law principles, Plaintiff is entitled to a full intermediate and final accounting of all Trust assets and transactions under Defendants' control or knowledge. The individual trustees have admitted they never rendered any such accounting to Plaintiff or to Hannah. Corporate successor records in Defendants' possession, custody, or control are therefore the only remaining source from which an accounting can be reconstructed.

**41.** Defendants' refusal to produce documents and account after written demand warrants an order compelling such accounting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

**A.** Issuing an immediate *ex parte* temporary restraining order under **Fed. R. Civ. P. 65(b)**, and thereafter a preliminary and permanent injunction, directing Defendants JPMorgan Chase Bank, N.A., Jamie Dimon, and Wook Kim, within a short period set by the Court (e.g., 48–72 hours), to produce **ALL** documentation of any kind regarding trusts of which Plaintiff is a beneficiary, including but not limited to the GPN Family Trust, the Jack Finn Irrevocable Trust, and all related trusts and accounts, including without limitation

certificates of trust, trust instruments and amendments, account statements, transaction records, correspondence, successor-trustee documents, financing records, and any other materials in their possession, custody, or control relating to the Trusts or their assets, together with an order preserving all such records;

**B.** Declaring that Defendants breached their fiduciary duties to Plaintiff under **12 U.S.C. § 92a**, **12 C.F.R. Part 9**, New York common law, **SCPA §§ 2102(1), 2205,** and **2209**, **EPTL** principles, Restatement (Third) of **Trusts § 82**, *Meinhard v. Salmon*, *Bulgari v. Bulgari*, and *Massey-Hughes v. Massey*;

**C.** Declaring that Defendants' conduct constitutes fraud upon the court under **Federal Rule of Civil Procedure 60(d)(3)** and the Court's inherent powers;

**D.** Ordering a full intermediate and final accounting of all Trust assets and transactions under Defendants' control or knowledge pursuant to **SCPA §§ 2205** and **2209** and common-law principles;

**E.** Awarding compensatory damages in an amount to be determined at trial;

**F.** Awarding punitive damages for willful and bad-faith breaches;

**G.** Awarding reasonable attorneys' fees and costs; and

**H.** Granting such other and further relief as the Court deems just and proper, including any additional discovery or preservation orders necessary to protect the Trusts.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

**FOOTNOTES**

**1** See, e.g., Off. of the Comptroller of the Currency, News Release 2020-159, *OCC Assesses $250 Million Civil Money Penalty Against JPMorgan Chase Bank, N.A.* (Nov. 24, 2020), https://www.occ.gov/news-issuances/news-releases/2020/nr-occ-2020-159.html (fiduciary-business internal controls, conflicts of interest, and violation of 12 C.F.R. § 9.9); Consent Order, *In re JPMorgan Chase Bank, N.A.*, AA-ENF-2020-70, OCC EA 2020-067 (Nov. 24, 2020), https://www.occ.gov/static/enforcement-actions/ea2020-067.pdf; Reuters, *JPMorgan Chase to pay $250 mln for failings in asset, wealth business* (Nov. 24, 2020), https://www.reuters.com/business/jpmorgan-chase-pay-250-mln-failings-asset-wealth-business-2020-11-24/.

**2** OCC News Release 2020-159, *supra* note 1 (Bank "maintains one of the world's largest and most complex fiduciary businesses with total fiduciary and related assets of $29.1 trillion, including $1.3 trillion in fiduciary assets," and "had deficient risk management practices and an insufficient framework for avoiding conflicts of interest"). See also Am. Banker, *Top enforcement actions against banks in 2024* (Dec. 27, 2024), https://www.americanbanker.com/list/top-enforcement-actions-against-banks-in-2024 (noting the 2020 OCC fiduciary penalty and subsequent 2024 surveillance and SEC fiduciary resolutions).

**3** Consent Order for Civil Money Penalty, *In re JPMorgan Chase Bank, N.A.*, OCC EA 2014-001 (Jan. 14, 2014), https://www.occ.treas.gov/topics/laws-and-regulations/enforcement-actions/ea-2014-001.pdf ($350 million OCC civil money penalty for BSA/AML program deficiencies, including failures to monitor, investigate, and file Suspicious Activity Reports); FinCEN assessment of $461 million (2014) against JPMorgan Chase Bank, N.A. for anti-money-laundering deficiencies, catalogued at Good Jobs First Violation Tracker, https://violationtracker.goodjobsfirst.org/; see also U.S. Dep't of Justice resolution of approximately $1.7 billion (2014) arising from AML failures connected to the Bernard L. Madoff matter, Violation Tracker, *JPMorgan Chase Bank — anti-money-laundering deficiencies* (USAO 2014). The BSA imposes recordkeeping and reporting duties; it is not a privilege that extinguishes a beneficiary's right to trust information.

**4** OCC, News Release 2024-25 (Mar. 14, 2024), occ.gov/news-issuances/news-releases/2024/nr-occ-2024-25.html ($250 million civil money penalty; failure to surveil billions of trades on at least 30 venues); Consent Order, *In re JPMorgan Chase Bank, N.A.*,

AA-EC-2023-49 (Mar. 14, 2024); Federal Reserve companion penalty of $98.2 million (Mar. 14, 2024) (combined OCC/Fed action of approximately $348 million). Separately, SEC Press Release 2024-178 (Oct. 31, 2024), sec.gov/newsroom/press-releases/2024-178 (JPMorgan affiliates to pay more than $151 million to resolve five actions including breach of fiduciary duty and misleading disclosures); Reuters (Oct. 31, 2024); Compliance Week (Nov. 1, 2024).

---

## INDEX OF EXHIBITS

The following exhibits are attached to and incorporated in this Complaint:

**Exhibit A** — Jack Finn Irrevocable Trust, Form of Direction to Disburse (Sept. 21, 2009) (signed by Raymond E. Butler and Jack Finn).

**Exhibit B** — Jack Finn Irrevocable Trust, Form of Direction to Disburse (Sept. 21, 2009) (signed by Raymond E. Butler, Jack Finn, Silver Butler-Finn, Helen Butler-Finn, and Pessa Finn).

**Exhibit C** — JPMorgan / i-ARC check image: Ravid Realty Partners I LLC check no. 1361 payable to Jacob A. Finn, $40,631.25 (Nov. 13, 2017; posted Jan. 16, 2018), with related notation totaling approximately $175,203.40.

**Exhibit D** — Email chain of January 20–29, 2026, including Katherine London's demand directed to Jamie Dimon / Stacey Friedman / Chase Executive Office and Defendant Wook Kim's January 29, 2026 refusal.

**Exhibit E** — Chase Executive Office email dated February 26, 2026, confirming receipt of litigation-hold and preservation demands (Ref. Nos. ECW260120-07274-R1 and ECW260209-00269).

Depositions of Ely Eddi and Ilana Finn Eddi, taken June 18, 2026, in *Butler v. Eddi*, Cook County Cir. Ct. No. 22 CH 675, are referenced in the body of this Complaint but are **not** attached as exhibits at this time.

Dated: September 15, 2026
New York, New York

Respectfully submitted,

/S/Raymond Earl Butler II

**Raymond Earl Butler II**
Pro Se Plaintiff
14320 Shirley Rd.
Baraga, MI 49908
RaymondEButler@Protonmail.com

# EXHIBIT A

Jack Finn Irrevocable Trust — Form of Direction to Disburse (September 21, 2009)
Attached to and incorporated in the Complaint — S.D.N.Y.

**JACK FINN IRREVOCABLE TRUST**

**FORM OF DIRECTION TO DISBURSE**

To: Trustee of Jack Finn Irrevocable Trust
Illana Eddy, Trustee
Ely Eddy, Trustee
Fax No: (732)-346-1825

You are hereby requested and directed to disburse to the undersigned Beneficiary the sum of Thirty Thousand Dollars ($30,000). The undersigned fully understands and agrees that + 10,000 this distribution from the Trust will reduce any other amounts that may be due under the terms of the Trust agreement.

By Wire Transfer to: Chase Bank- Account Name: Shoshana Finn and Jack Finn- funds being deposited in this account and then delivered to the undersigned beneficiary.

Account No: 822012498

Routing No: 07100013

**Beneficiary- Raymond E. Butler**

Address: 10475 Carol Ct. Rosemont, IL 60475
Telephone No: 773/587-1613

Date: September 21, 2009

**AGREED** ____________
**Jack Finn**

# EXHIBIT B

Jack Finn Irrevocable Trust — Form of Direction to Disburse (September 21, 2009) (multi-signatory)
Attached to and incorporated in the Complaint — S.D.N.Y.

**JACK FINN IRREVOCABLE TRUST**
**FORM OF DIRECTION TO DISBURSE**

To: Trustee of Jack Finn Irrevocable Trust ("Trust")
Illana Eddy, Trustee
Ely Eddy, Trustee
Fax No: (732)-346-1825

You are hereby requested and directed to disburse to Raymond E. Butler the sum of Thirty Thousand Dollars ($30,000). The undersigned release and hold harmless Illana Finn Eddi, and Ely Eddi, individually and as Trustee for any claims of any kind in connection with this distribution. The undersigned represents that this distribution from the Trust is made at the request and with the consent of Jack Finn, Silver Butler-Finn, and Helen Butler-Finn to disburse the funds as follows:

By Wire Transfer to: Chase Bank- Account Name: Shoshana Finn and Jack Finn- funds being deposited in this account and then delivered to the undersigned beneficiary.

Account No: 822012498

Routing No: 07100013

This direction made September 21, 2009

**Raymond E. Butler**

Jacob Finn
**Jack Finn**

**Silver Butler-Finn**

**Helen Butler-Finn**

Pessa Finn
**Pessa Finn**

# EXHIBIT C

JPMorgan check payable to Jacob A. Finn — $40,631.25 (Nov. 13, 2017)

Attached to and incorporated in the Complaint — S.D.N.Y.

i-ARC! Page 1 of 2

i-ARC! Page 1 of 1

JPMorgan

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM

RAVID REALTY PARTNERS I LLC
C/O COHEN EQUITIES
675 3RD AVE RM 2400
NEW YORK, NY 10017

CAPITAL ONE BANK
CAPITAL ONE, N.A.

1361

11/13/2017

PAY TO THE ORDER OF Jacob A. Finn $ **40,631.25

Forty Thousand Six Hundred Thirty-One and 25/100****** DOLLARS

MEMO Ravid Warminster Sale Proceeds

AUTHORIZED SIGNATURE

⑈001361⑈ ⑆021407912⑆752 80 43393⑈

Posting Date: 01/16/2018
Sequence Number: 8690319788
Amount: 40,631.25
Account: 7528043393
Routing Transit Number: 02140791
Check/Serial Number: 000000001361
Bank Number: 111
IRD: 0
Image type: P
BOFD: 074909962
Cost Center: 741768
Teller Number: 5
Teller Sequence Number: 249
Capture Source: BY
Entry Number: 0000014586
UDK: 111180116008690319788

Copyright © 2010 J.P. Morgan Chase & Co. All Rights Reserved

$175,203.40

https://transviewer.jpmchase.net/aidwviewer/CARequest.do 4/18/2018

# EXHIBIT D

January 20–29, 2026 email chain — demand and Wook Kim refusal

Attached to and incorporated in the Complaint — S.D.N.Y.

Gmail **Katherine London <klondon@kmfllaw.com>**

## Re: [EXTERNAL]Re: Successor Trustee Documents

**Katherine London** <klondon@kmfllaw.com> Thu, Jan 29, 2026 at 12:39 PM
To: "Kim, Wook" <wook.kim@chase.com>, Raymond Butler II <RaymondEButler@protonmail.com>

Kim,
I am in receipt of your response to my letters dated January 20, 2026, addressed to Jamie Dimon and Stacey Friedman. While I will direct future communications to you as requested, your reply is wholly inadequate and evasive.

Your letter conspicuously avoids confirming or denying that my client is the beneficiary of the trusts in question, nor does it address whether JPMorgan Chase Bank, N.A. or its predecessors ("JPMC") holds or has ever held these trusts or accounts. You are merely denying any fiduciary duty as the corporate trustee without providing any substantive basis or alternative information.

If JPMC is disclaiming its role as trustee, you must immediately identify the current trustee. Furthermore, under applicable law, JPMC is obligated to provide a certificate of trust upon request of the beneficiary.

I remind you that subpoenas were served on JPMC in 2024 concerning these exact matters, and your institution's omission of complete documents and lack of affidavit by the holder of records constitutes a blatant disregard for legal process. We demand full and immediate cooperation.

Provide the requested information and documentation immediately or explain your refusal in detail.

I await your urgent response.



**Katherine A. London**

**KMFL Law**
(630) 507-9998
KLondon@KMFLLaw.com
IL ARDC # 6345920
TN BPR # 042941

On Thu, Jan 29, 2026 at 9:34 AM Kim, Wook <wook.kim@chase.com> wrote:

> Ms. London, your letters to Jamie Dimon and Stacey Friedman, dated January 20, 2026, have been forwarded to my attention for review and response. Please address further communications, if any, directly to me.
>
> It does not appear that JPMorgan Chase Bank, N.A. or its predecessors ("JPMC") currently serves (or ever served) as a trustee of any of the trusts identified in your letters. Accordingly, JPMC declines the demands contained in your letter. If you have information that demonstrates that JPMC is legally required to comply with such demands, please feel free to send to me.

Wook Kim

Executive Director

Assistant General Counsel

JPMorganChase

8181 Communications Pkwy

Building C, Floor 3

Plano, TX 75024

Direct: (214) 965-3310

Admitted in New York Only

---

**From:** Katherine London <klondon@kmfllaw.com>
**Sent:** Tuesday, January 20, 2026 12:58 PM
**To:** Friedman, Stacey <stacey.friedman@chase.com>; Executive Office <Executive.Office@chase.com>
**Subject:** [EXTERNAL]Re: Successor Trustee Documents

Counsel,

See attached for immediate action.



**Katherine A. London**

**KMFL Law**

(630) 507-9998

KLondon@KMFLLaw.com

IL ARDC # 6345920

TN BPR # 042941

# EXHIBIT E

February 26, 2026 Chase Executive Office preservation email

Attached to and incorporated in the Complaint — S.D.N.Y.

Gmail **Katherine London <klondon@kmfllaw.com>**

## A Message from Chase Executive Office

1 message

**Chase Executive Office** <chase.executive.office@chase.com> Thu, Feb 26, 2026 at 9:51 AM

To: "KLondon@KMFLLaw.com" <KLondon@kmfllaw.com>

Hello Katherine A. London, Esq.,

Chase Executive Office has resolved your complaint. See our response below.

We reviewed your concern

Reference Numbers: ECW260120-07274-R1 and ECW260209-00269

Dear Katherine A. London, Esq.:

We write to confirm receipt of the litigation hold and preservation demand letters, dated January 28, 2026, you sent on behalf of your client, Raymond E. Butler II, to the members of the Board of Directors of JPMorgan Chase & Co. ("JPMC"). We further confirm that JPMC and its related entities, including JPMorgan Chase Bank, N.A., will comply with their legal obligations to preserve evidence.

Sincerely,

Executive Office

1-877-805-8049

1-212-270-9300 International Executive Office

1-405-272-9935 International Customer Service

1-866-535-3403 Fax; it's free from any Chase branch

executive.office@chase.com

chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-805-8049, de lunes a viernes de 8 a.m. a 9 p.m. y sábados de 9 a.m. a 6 p.m., hora del Este.

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are