**Dykema Gossett PLLC**
39577 Woodward Avenue
Suite 300
Bloomfield Hills, Michigan 48304
WWW.DYKEMA.COM
Tel: (248) 203-0700

**Jennifer L. Beidel**
Direct Dial: (248) 203-0506
Email: JBeidel@dykema.com

November 6, 2026

**VIA ECF**
The Honorable Gary Stein
500 Pearl Street, Room 9A
United States Courthouse
Southern District of New York
New York, New York 10007

**Re:** ***Raymond Earl Butler II v. JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Jamie Dimon, and Wook Kim*** **- Case No. 1:26-CV-08080-JPC-GS (S.D.N.Y)**
**Defendants' Request for Extension of Time to File Memorandum and Exhibits**

Dear Judge Stein:

We represent Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Jamie Dimon, and Wook Kim ("Defendants") in the above-referenced action. Pursuant to Your Honor's Individual Practices and Federal Rule of Civil Procedure 6(b)(1)(B), Defendants respectfully request a brief retroactive extension of time to file their Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint or, In the Alternative, to Transfer Venue ("Memorandum") and the exhibits thereto. Per a stipulation of the parties requested by Plaintiff in exchange for an agreement to serve the individual defendants through counsel, the Memorandum and exhibits were due 21 days from service, or on November 5, 2026, rather than the standard 60 days from service. (Doc. 24.) This is Defendants' first extension request in this matter.

On November 5, 2026 at 11:47 P.M., Defendants filed a Motion to Dismiss the Complaint or, in the Alternative, Transfer Venue ("Motion"). (Doc. 26.) As Attachment 1 to the Motion, Defendants submitted what they believed to be the Memorandum for filing. (Doc. 26-1.) Upon review of the filed document on November 6, 2026, Defendants' counsel discovered that the filed document was the Declaration of Jennifer L. Beidel ("Declaration"), which was also correctly filed as a separate document at 11:50 P.M. (Doc. 27.) Defendants' counsel's staff inadvertently attached the Declaration instead of the Memorandum as Attachment 1 to the Motion. Defendants filed the Memorandum on November 6, 2026 at 7:25 A.M. (Doc. 31) and followed SDNY's filing error procedure by emailing the Quality Assurance Unit at 7:29 A.M. to advise them of the filing error. In addition, when Defendants' counsel's staff attempted to file the exhibits to the Declaration, they received numerous error messages, which required them to reformat the exhibits and restart the filing process. As a result, the exhibits to the Declaration were filed 6 minutes after the deadline at 12:06 A.M. on November 6, 2026. (Doc. 30.)

Defendants now seek a brief extension to correct the filing errors that occurred. The filing errors were inadvertent and resulted in brief delays of 6 minutes for the Declaration and 7 hours and 29 minutes for the Memorandum. Neither Defendants nor their counsel revised either the Declaration or the Memorandum after the filing deadline, so Defendants gained no strategic advantage from the error, and Plaintiff was put on notice of the grounds for the Motion and the exhibits supporting it through the timely filed Notice of Motion and Declaration. Moreover, Defendants' requested relief is in the interests of justice and supports the orderly forward progress of the case. Defendants' Motion and Memorandum request transfer of this matter to a venue where a parallel proceeding on the same issues has been pending for quite some time. Permitting consideration of that Motion and transfer request is in the interests of judicial economy.

Plaintiff filed both a declaration and a motion to strike Defendants' filings as untimely at 12:06 A.M. and 12:09 P.M. on November 6, 2026. (Docs. 29, 33.) Based on those filings and previous correspondence with Plaintiff that is further described in Defendants' Memorandum, it is reasonable to conclude that Plaintiff does not consent to this request.

For the reasons set forth above, Defendants respectfully request a retroactive extension of time to November 6, 2026 to file their Memorandum and the related exhibits.

Sincerely,

**Dykema Gossett PLLC**

*/s/ Jennifer L. Beidel*

Jennifer L. Beidel