**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

RAYMOND EARL BUTLER, II,

Plaintiff,

-against-

JP MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JAMIE DIMON, and WOOK KIM,

Defendants.

---------------------------------------------------------------------X

**26 Civ. 8080 (JPC) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On November 5, 2026, Defendants filed a motion to dismiss, or, in the alternative, to transfer venue and a declaration in support of their motion. (Dkt. Nos. 26 & 27). However, Defendants did not file the memorandum of law or exhibits to counsel's declaration until November 6, 2026. (Dkt. Nos. 30 & 31). In response to Defendants' delay, Plaintiff filed a request for a clerk's certificate of default as to all Defendants, Dkt. No. 29, and submitted a motion to strike the memorandum of law in support of Defendants' motion to dismiss, Dkt. No. 33. Thereafter, Defendants submitted a letter motion for a retroactive extension of time to file the memorandum of law and related exhibits, which Plaintiff opposed. (Dkt. Nos. 35 & 36).

Having reviewed Defendants' letter motion and Plaintiff's opposition, the Court finds that Defendants' explanation for the delay is satisfactory and will grant the extension for Defendants' deadline to file the memorandum and related exhibits, *nunc pro tunc,* to November 6, 2026. Further, the Court will deny Plaintiff's motion to strike and to deem Defendants in default. It is within the Court's discretion to excuse a minor filing delay where, as here, the plaintiff is not prejudiced by the delay. *Girotto v. LXC Inc.*, No. 19 Civ. 2858 (KPF), 2020 WL

3318275, at *3 n.3 (S.D.N.Y. June 18, 2020) (refusing to reject a defendant's memorandum of law that was filed one day late because no prejudice resulted to plaintiff). Moreover, Defendants' minor filing delay in no way justifies entry of a clerk's certificate of default. *See Nat'l Tr. Co. v. Am. Home Assur. Co.*, No. 86 Civ. 1406 (CSH), 1987 WL 5837, at *2 (S.D.N.Y. Jan. 22, 1987) ("A merely technical, non-prejudicial delay in responding to a complaint will not result in entry of a default"); *see also Nash v. FOXO Tech. Inc.*, 348 F.R.D. 210, 213 (S.D.N.Y. 2025) ("[i]t is well established that default judgments are disfavored, and that a clear preference exists for cases to be adjudicated on the merits" (cleaned up)). Accordingly, Plaintiff's motion to strike and to deem Defendants in default is denied. The Clerk of Court is respectfully directed to close the open motions at Docket Numbers 33 and 35.

**SO ORDERED.**

DATED: New York, New York
November 9, 2026



The Honorable Gary Stein
United States Magistrate Judge