**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**RAYMOND EARL BUTLER II,**

Plaintiff,

v.

JPMORGAN CHASE & CO.,

JPMORGAN CHASE BANK, N.A.,

**JAMIE DIMON**, and

**WOOK KIM**,

Defendants.

Case No. 1:26-cv-08080-JPC-GS

Hon. John P. Cronan

Hon. Gary Stein (Referral)

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

**OF THE NOVEMBER 9, 2026 ORDER (ECF NO. 38)**

**AND NOTICE OF OBJECTION PURSUANT TO**

**FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636(b)(1)(A)**

Plaintiff Raymond Earl Butler II, proceeding pro se, respectfully moves this Court, pursuant to Local Civil Rule 6.3 and the inherent authority of the Court, for reconsideration of the November 9, 2026 Order (ECF No. 38). That Order denied Plaintiff's Motion to Strike Defendants' late-filed Memorandum of Law (ECF No. 31) and to deem Defendants in default, and granted Defendants' letter motion for a retroactive extension of time nunc pro tunc to November 6, 2026.

This motion also constitutes formal notice of Plaintiff's objection under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Plaintiff preserves the right to file specific written objections with the District Judge within fourteen (14) days after being served with a copy of any order denying this motion (or within a reasonable time if the Court does not rule promptly), so that the District Judge may review the Order under the clearly-erroneous-or-contrary-to-law standard. Local Civil Rule 72.1 governs such objections.

**PRELIMINARY STATEMENT**

It has now been seven years since Plaintiff first contacted Chase about the trusts. There have been almost five years of litigation in state court, followed by over two years in federal court, during which the federal action has been stayed for nearly two years. The so-ordered Stipulation (ECF No. 24) fixed a clear November 5, 2026 deadline for Defendants to respond. Defendants filed incomplete papers that day near the deadline and the required Memorandum of Law only the next day, after Plaintiff sought a clerk's certificate of default.

The explanation that "staff" attached the wrong document and technical issues delayed exhibits, discovered the next morning, is pure carelessness fully within counsel's control. Under the Court's Electronic Case Filing Rules, the Filing User's log-in and password serve as the attorney's electronic signature. Filing under those credentials constitutes the attorney's signature and certification under Federal Rule of Civil Procedure 11 and the Local Rules. Responsibility

cannot be shifted to staff. No pre-deadline request for good cause was made; the meet-and-confer produced nothing more than professional courtesy. Counsel could have sought an extension before the midnight filings but did not, confirming the absence of good cause.

The late papers present zero meritorious defense to the fiduciary claims; they recycle character attacks and defamation from related proceedings rather than admit or deny the allegations. The Complaint states a *prima facie* case for breach of fiduciary duty and related relief, including the incorporated request for a temporary restraining order and production. Granting the extension forces protracted litigation, extends extreme leeway to sophisticated counsel that has never been shown to this *pro se* plaintiff (who was directed to file a letter acknowledgment and is expected to master ECF procedures, including training), and places Plaintiff and his family in jeopardy. If default was entered as requested in the Prayer for Relief, no response to the TRO application would have been necessary.

**ARGUMENT**

**I. The Order Overlooked Controlling Standards Under Fed. R. Civ. P. 6(b); the Delay Was Pure Carelessness Within Counsel's Control and Responsibility.**

A pre-deadline request requires only "good cause." Fed. R. Civ. P. 6(b)(1)(A). Defendants made none. Once the deadline passed, the standard is "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993),* requires equitable weighing of prejudice, length of delay and impact, reason for the delay (including whether it was within the reasonable control of the movant), and good faith. Simple carelessness or law-office failure rarely qualifies as excusable neglect. See, e.g., *S&R Dev. Estates LLC v. Town of Greenburgh, No. 16-CV-8043 (CS) (S.D.N.Y. Jan. 3, 2017)*

*Shervington v. Vill. of Piermont, 732 F. Supp. 2d 423 (S.D.N.Y. 2010)* ("law office failure rarely constitutes excusable neglect").

Defendants' claim that "staff" of a large firm worked at midnight to file the documents is irrelevant. Under the Court's Electronic Case Filing Rules, the user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Local Rules, and any other purpose for which a signature is required. See ECF Rules § 8.1. The attorney who files under those credentials is responsible; the duty under Rule 11 is nondelegable. Whether the actual person at the keyboard was an associate, staff, or counsel herself, the filing constitutes the electronic signature and certification of the responsible attorney. The timing of the incomplete filings right at the deadline demonstrates a lack of concern for the Local Rules and Federal Rules of Civil Procedure. Counsel could have sought an extension prior to the midnight filings; the fact that she did not shows she knew she lacked "good cause." The Court later induced a letter seeking extension well after the fact, when counsel could and should have submitted it immediately upon discovering the incomplete filing.

Courts regularly decline to excuse such errors and have entered defaults or disregarded late papers where no excusable neglect is shown. See *Shields v. Vivus, Inc., No. 09 Civ. 5495 (S.D.N.Y. July 16, 2010)* (denying untimely response where no excusable neglect shown). The roles reversed would have produced a default against Plaintiff: pro se litigants are held to the rules and expected to know how to file properly via ECF (often after taking a class or completing required steps for permission to e-file), while this Court directed Plaintiff to file a letter

acknowledgment. Defense counsel received extreme leeway for the identical type of failure. That disparity is inequitable.

Prejudice is acute and has been mounting for years. It has been three and a half years since Plaintiff served the first subpoena on April 16, 2023—a subpoena that should never have been necessary. Plaintiff's sister was murdered on May 12, 2023. Plaintiff firmly believes the murder was intended to send a message to stop this litigation. A second subpoena had to be served shortly thereafter because of missing documents and improper redactions from the first production. These events, combined with the ongoing inability to protect Trust assets, the risk of dissipation or spoliation, and concrete threats to Plaintiff's safety and that of his family, demonstrate severe prejudice. The delay, though short in isolation in this instance, continues a multi-year pattern of obstruction spanning seven years since the first contact with Chase, nearly five years of state-court litigation, and over two years in federal court (with the related action stayed nearly two years). Good faith is absent. The Pioneer factors compel denial of the extension.

**II. No Meritorious Defense Exists; the Complaint States a Prima Facie Case.**

The late Memorandum does not admit or deny the core allegations of breach of fiduciary duty under federal banking law, New York common law, SCPA, and EPTL. It seeks transfer and recycles harassment and character attacks drawn from other proceedings. That is not a meritorious defense. The Complaint, supported by the attached exhibits (disbursement directions identifying Plaintiff as beneficiary, historical Chase involvement, trustee admissions under oath of no accounting, and the January 29, 2026 refusal), establishes a *prima facie* case. Defendants could have used a timely brief to address the incorporated TRO request; instead the extension gives them a second chance at character assassination. Entry of default as sought in the Prayer would render any further response to the TRO unnecessary and protect the beneficiary's rights.

**III. The Cases Cited in ECF No. 38 Are Distinguishable.**

*Girotto v. LXC Inc., 2020 WL 3318275 (S.D.N.Y. June 18, 2020)*, involved a one-day late memorandum in an ordinary commercial case with no prejudice and no so-ordered stipulation. *Nat'l Tr. Co. v. Am. Home Assur. Co., 1987 WL 5837 (S.D.N.Y. Jan. 22, 1987)*, and *Nash v. FOXO Tech. Inc., 348 F.R.D. 210 (S.D.N.Y. 2025)*, address technical delays or the general preference for merits adjudication. None involved a so-ordered deadline, a documented pattern of document obfuscation and incomplete productions, a related action stayed more than a year and a half, the murder of a co-beneficiary, or the *pro se* / counsel disparity present here. Preference for merits does not override clear failure of the Rule 6(b) standards or the equities of this case.

**IV. Judicial Notice of Related Proceedings Would Be Highly Prejudicial and Reward Delay.**

Inviting judicial notice of the Illinois proceedings would force protracted litigation, shield Defendants from fiduciary duties and liability, and reward the delay already employed. The Illinois matter has been stayed for nearly two years. Prior proceedings featured obfuscation of documents and incomplete productions. Judicial notice cannot cure the absence of a timely, complete response under the so-ordered Stipulation.

**V. The Order Extends Professional Courtesy and Extreme Leeway Not Shown to the *Pro Se* Plaintiff.**

Counsel appeared, the parties entered a Stipulation that the Court so-ordered, and a clear deadline was fixed. Allowing a retroactive extension for pure carelessness privileges institutional defendants. *Pro se* plaintiffs are expected to comply with ECF requirements (including, in many

cases, completing training or obtaining permission) and have been directed by this Court to file letter acknowledgments. The same standard must apply to both sides.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider and reverse the November 9, 2026 Order (ECF No. 38), strike Defendants' late-filed Memorandum of Law (ECF No. 31) and related late exhibits, deem Defendants in default, and grant such other relief as is just and proper. This filing constitutes Plaintiff's notice of objection under Fed. R. Civ. P. 72(a). Plaintiff preserves the right to file specific written objections with the District Judge for review under the clearly-erroneous-or-contrary-to-law standard if this motion is denied or not ruled upon promptly and preserve the objection for appellate review.

Dated: November 23rd, 2026

Respectfully submitted,

/S/ Raymond Earl Butler II

/s/ Raymond Earl Butler II

Raymond Earl Butler II

*Pro Se* Plaintiff

14320 Shirley Road

Baraga, Michigan 49908

raymondebutler@protonmail.com